**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES M. MALARIK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 11-1255** |
| | ) | **Magistrate Judge Cynthia Reed Eddy** |
| **PENNSYLVANIA** | ) | |
| **BOARD OF PROBATION AND** | ) | |
| **PAROLE; E***t Al.,* | ) | |
| | ) | |
| **Respondents.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' Motion to Dismiss (ECF No. 11) be granted and that the instant Petition for Writ of Habeas Corpus be dismissed as moot.

**II.    REPORT**

Petitioner, James M. Malarik, a prisoner formerly incarcerated at the State Correctional Institution in Waymart, Pennsylvania, brings the instant petition for writ of habeas corpus challenging a Board action that resulted in the revocation of his parole.  For the reasons set forth below, the Petition is moot and should be dismissed.

A. Relevant Procedural History

On July 12, 2007, in the Court of Common Pleas of Beaver County, Petitioner was sentenced to an aggregate sentence of from ten (10) months to five (5) years of incarceration for various drug related offenses.  His minimum release date was November 2, 2007 and his maximum date was January 2, 2012 (ECF no. 11-4, p. 1).  Petitioner was released on parole December 1, 2009.

On July 7, 2010, Petitioner was arrested and charged with a technical parole violation. Specifically, he was charged with violating condition 5c, which indicated that Petitioner "refrain from any assaultive behavior." It was alleged that Petitioner admitted to parole supervisor staff to writing a letter to solicit funds to have Judge C. Gus Kwidis of the Court of Common Pleas of Beaver County kidnapped, decapitated, and "wacked." Petitioner waived his preliminary hearing and was detained. Following a revocation hearing, on September 15, 2010, the Board of Probation and Parole (the Board) rendered a decision to recommit Petitioner to a state correctional institution as a technical parole violator to serve -twelve (12) months back time. Petitioner was released from custody following the expiration of his maximum sentence on January 2, 2012.

## B. Petitioner's Claim is Moot

Generally, when a prisoner is challenging the execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *See* Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir.), *cert. denied*, ___ U.S. ___, 130 S. Ct. 458 (2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147 (citing Spencer, 523 U.S. at 7).

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. *See, e.g.*, Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. *Id*. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. *Id*.; Burkey, 556 F.3d at 148 ("Where ... the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

Petitioner seeks habeas relief on the theory that his parole should not have been revoked because his conduct did not amount to assaultive behavior. As Respondents point out, Petitioner's maximum sentence date expired on January 12, 2012. Accordingly, there is no case or controversy for this Court to consider and the Petition should be dismissed as moot.

## C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. ' 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473

(2000), the Supreme Court held that " "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether the Petition now is moot.  Accordingly, a certificate of appealability should be denied.

III.    **<u>CONCLUSION</u>**

For the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss (ECF No. 11) be granted and that the instant Petition for Writ of Habeas Corpus be dismissed as moot..

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto.  Failure to timely file objections will constitute a waiver of any appellate rights.


February 9, 2012

<div style="margin-left:50%">

/s Cynthia Reed Eddy
Cynthia Reed Eddy
U.S. Magistrate Judge

</div>

James M. Malarik
841 Summit Avenue
Monaca, PA 15061